# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1330V**

| | |
|---|---|
| JOSEPHINE TRAWICK,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 23, 2026 |

*Greg Tinch, Tinch Law Firm, P.C., College Park, MD, for Petitioner.*

*Hana Shatila, U.S. Department of Justice, Washington, DC, for Respondent.*

**ORDER DENYING MOTION TO REDACT**[1]

On August 28, 2024, Josephine Trawick filed a petition for compensation, alleging that following her receipt of a tetanus-diphtheria vaccine on September 3, 2021, she suffered a shoulder injury related to vaccine administration ("SIRVA") warranting compensation under the National Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*1 (the "Vaccine Act").[2] The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 17, 2026, I issued a decision dismissing Petitioner's SIRVA claim for a failure to provide sufficient proof of severity, as required for all Vaccine Act claims. ECF No. 25; *see* Section 11(c)(1)(D). On September 1, 2026 - one day after the deadline,

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). To the extent Petitioner would seek redaction of any information contained in this Order, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed a motion requesting leave to file an untimely redaction request. ECF No. 26. In an attached proposed motion, Petitioner requests that I redact information which she characterizes as "sensitive personal medical information . . . [and] immaterial to the Decision's reasoning." Petitioner's Motion for Redactions ("Motion") at 1-2. Citing her "concrete privacy interest" and lack of public interest, Petitioner "asks to redact is [sic] a chronic medical diagnosis, and a treatment recommendation addressed to it, drawn from her treatment records and playing no part in the adjudication of severity." *Id.* at 2. Her motion and attached decision reflect three affected entries. *Id.* at 1; ECF No. 26-2 (decision containing proposed redactions).

Relying upon a consistently-articulated belief that it is not appropriate "to advocate in favor of disclosure of [a] petitioner's information in any particular case, including this one," Respondent defers to me the proper disposition of the Motion. Response to Motion ("Response"), filed Sept. 15, 2026, at 5, ECF No. 27. He emphasizes, however, that "a petitioner must produce documentation that he or she 'would be adversely affected *by the release of medical information contained within the decision*.'" *Id.* at 2 (quoting Vaccine Rule 18(c)(1)(A)-(B) with emphasis added). And Respondent notes that "when petitioners file a petition requesting compensation under the Act, they do so with the knowledge that the Act calls for publication of a decision addressing the merits of the petition,[3] which will necessarily contain personal medical information and will be made available to the public." Response at 3. Regarding Petitioner's request, he maintains that her "concerns regarding disclosure of this information are purely speculative, [and she] has not . . . produced any documentation showing that release of this medical information would adversely affect her career, employment, personal safety, or well-being." *Id.* at 4 (referencing my denial of a redaction request based upon a general concern for privacy in *Cuccia v. Health & Hum. Servs.*, No. 24-0233V, 2026 WL 2001938, at *2 (Fed. Cl. Spec. Mstr. May 28, 2026)).

During email communications, Petitioner's counsel stated that Petitioner did not wish to file a reply.[4] *See* Informal Remark, dated Sept. 14, 2026.

## Legal Standards

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health*

[3] Respondent adds that the "same statutory provision makes clear that the public does not have access to any documents filed in the case." Response at 3.

[4] Although the parties were mistakenly informed by Court personnel that Petitioner's request did not appear to be untimely, it is not necessary to allow additional time for a reply from Petitioner because I do not find the untimely nature of Petitioner's request to be fatal.

*& Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Adult petitioners' names are not also afforded this automatic protection, but they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs*., No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

## Analysis

Petitioner suffers from a condition that could be embarrassing in being disclosed, and requests that I redact this information before posting the Decision dismissing her claim. Beyond a general desire to avoid embarrassment, however, she has not provided *any* explanation showing why disclosure would rise to the level of an *unwarranted* invasion of privacy. Claimants must make individualized showings going beyond personal preferences that persuasively establish why redaction is justified.

Nevertheless, Petitioner's contention - that the information she seeks to react is not relevant to my determination in this case - is compelling. The absence of any notable public interest supports the characterization of an invasion of privacy as *unwarranted*. And Petitioner's request is not so untimely as to warrant its denial. There is, however, a simpler solution which would address Petitioner's concerns.

As illustrated by the numerous entries of "unrelated" concerns in the timeline included in this Decision, I generally endeavor to avoid including personal information - not germane to my analysis and ultimate determination; in any order, ruling, or decision which will be posted to the Court's website. The inclusion of a more detailed description of the condition Petitioner characterizes as embarrassing was due to oversight. Thus, it can be corrected by withdrawing and reissuing the Decision. And any delay caused by this option is harmless, given that Petitioner's claim was unsuccessful.

## Conclusion

**The Clerk of Court shall WITHDRAW the Dismissal Decision issued on August 17, 2026, at ECF No. 25. Thereafter, I will issue a Decision without the entries Petitioner seeks to redact. Thus, Petitioner's motion for leave to file her redaction request is DEEMED MOOT and is TERMINATED.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master